IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-00099-RM-MEH

SPENCER MADSEN,

    Plaintiff,

v.

SIXT RENT A CAR, LLC,

    Defendant.

---

**RECOMMENDATION OF UNTIED STATES MAGISTRATE JUDGE**

---

**Michael E. Hegarty, United States Magistrate Judge**.

Plaintiff Spencer Madsen ("Plaintiff"), proceeding pro se against Defendant Sixt Rent a Car, LLC ("Defendant"), brings two claims in this case. Claim One alleges a violation of the Family and Medical Leave Act ("FMLA"). Claim Two alleges wrongful discharge in violation of Colorado public policy. ECF 1 at 3, 5. Before the Court is Defendant's Motion to Partially Dismiss ("Motion"). ECF 12. Defendant requests dismissal of only Claim Two. The Motion is fully briefed, and the Court finds that oral argument will not assist in its adjudication. The Court respectfully recommends granting the Motion.

## BACKGROUND

For the purposes of this ruling, the Court accepts as true the factual allegations—as opposed to any legal conclusions, bare assertions, or conclusory allegations—that Plaintiff raises in his Complaint. *See generally Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (accepting as true a plaintiff's factual allegations for purposes of Fed. R. Civ. P. 12(b)(6) analysis).

Plaintiff was a branch manager for Defendant at Denver International Airport. ECF 1 at 6. On or about October 28, 2019, Andrew Burks ("Burks") began working at Plaintiff's branch as the new general manager for Defendant. *Id*. In this role, Burks was Plaintiff's immediate boss. *Id*. Following Burks's start, Plaintiff and the other branch manager were told they needed to work weekends. *Id*. Allegedly, working weekends was not a part of the work agreement between Plaintiff and Defendant when Plaintiff was hired as a branch manager. *Id*. Though willing to work weekends, Plaintiff and the other branch manager suggested an alternative plan. *Id*. In response, Burks expressed his disappointment that they did not "just incorporate [Burks'] initial plan[.]" *Id*.

The week after this meeting, Burks had "presented Plaintiff with a memo that was disciplinary in nature and vaguely described areas of improvement for [] performance." *Id*. It included a "progress plan" requiring weekly Friday meetings between Plaintiff and Burks. *Id*. These meetings never occurred. *Id*. When Plaintiff asked for a copy of this memo, he was denied one. *Id*. This gave Plaintiff the impression that the memo was issued because Plaintiff had not immediately agreed to work on weekends. *Id*. However, Plaintiff states that when he received the memo, Burks had suggested a promotion opportunity. *Id*.

At some point, Plaintiff was invited to attend a "General Managers Conference" that occurred on or about December 11 through 12, 2019. *Id*. Plaintiff alleges that he was one of the only branch managers in attendance. *Id*. Plaintiff states that as a result of his invitation to this conference (1) Burks mentioned a promotion opportunity to Plaintiff, (2) Burks made "positive statements" regarding Plaintiff's customer service scores, (3) Plaintiff received "praise from . . . other supervisors" for his performance as a branch manager, (4) Plaintiff repeatedly stated his desire to be promoted, and (5) Plaintiff believed he was on track for promotion. *Id*. at 6-7.

On January 8, 2020, Plaintiff contacted Defendant's Human Resources department to request FMLA leave. *Id*. at 7. On January 10, 2020, Burks and Plaintiff met once more to discuss improvement areas for Plaintiff's performance. *Id*. On January 17, 2020, Plaintiff again requested FMLA leave from the Human Resources department. *Id*. However, Burks discharged Plaintiff later that same day. *Id*. During his termination meeting, Burks told Plaintiff he was not "a good manager" and could not "run a branch effectively." *Id*. Consequently, Plaintiff was unable to submit the FMLA paperwork. *Id*.

On these facts, Plaintiff brings Claim Two for wrongful discharge in violation of Colorado public policy. *Id*. at 5. Plaintiff requests relief in the form of lost wages, lost benefits, monetary loss, emotional distress, punitive damages, and attorney fees. *Id*. at 8.

## LEGAL STANDARDS

### I.   Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)

The purpose of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 2008). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pled facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *Twombly* requires a two-prong analysis. First, a court must identify "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusions, bare assertions, or merely conclusory. *Id*. at 680. Second, a court must consider the factual allegations

"to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 679.

Plausibility refers "'to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008)). "The nature and specificity of the allegations required to state a plausible claim will vary based on context." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1215 (10th Cir. 2011). Thus, while the Rule 12(b)(6) standard does not require that a plaintiff establish a prima facie case in a complaint, the elements of each alleged cause of action may help to determine whether the plaintiff has set forth a plausible claim. *Khalik*, 671 F.3d at 1192. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has made an allegation, "but it has not shown that the pleader is entitled to relief." *Id.* (quotation marks and citation omitted).

## II.   Treatment of a Pro Se Plaintiff's Complaint

A pro se plaintiff's "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997)). The Tenth Circuit interpreted this rule to mean, if a court "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, [it] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013) (quoting *Hall*, 935 F.2d at 1110). However, this interpretation is qualified in that it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Garrett*, 425 F.3d at 840 (quoting *Hall*, 935 F.2d at 1110).

## ANALYSIS

## I.   Wrongful Discharge Claim (Claim Two)

Claim Two alleges a violation of Colorado public policy because Plaintiff was purportedly wrongfully discharged for trying to exercise his FMLA rights. ECF 1 at 5. "Absent an express contract providing otherwise, Colorado law presumes that an employment relationship is terminable at will by either party." *Mullin v. Hyatt Residential Grp., Inc.*, 82 F. Supp. 3d 1248, 1251-52 (D. Colo. 2015) (citing *Martin Marietta Corp. v. Lorenz*, 823 P.2d 100, 105 (Colo. 1992)). "The concept of a wrongful discharge evolved as an exception to the at-will employment doctrine and is designed to provide a remedy for unlawful adverse employment actions where no cause of

action for breach of contract would lie." *Caspar v. Lucent Techs., Inc.*, 280 F. Supp. 2d 1246, 1249 (D. Colo. 2003). The public policy exception is not available when a federal statute gives a remedy for wrongful discharge. *Id*. (citing *Martin Marietta Corp.*, 823 P.2d at 107, n.5). Here, the statute at issue is the FMLA. ECF 1 at 5.

"[A] plaintiff may not recover under Colorado law for a discharge alleged to violate public policy when that claim is premised on [the plaintiff's] pursuit of [his] rights under the FMLA." . *Perez v. Hospitality Ventures – Denver, LLC*, 298 F. Supp. 2d 1110, 1111 (D. Colo. 2004) (citing *Krauss v. Catholic Health Initiatives Mountain Region*, 66 P.3d 195, 203 (Colo. App. 2003)); *see also Armani v. Maxim Health*, 53 F. Supp. 2d 1120, 1132 (D. Colo. 1999). "Even if [the] employer's discharge of [the] employee violated the FMLA, [the] *employee still would not be entitled to recovery on a public policy theory because the FMLA provides its own remedy*[.]" *Krauss*, 66 P.3d at 203 (emphasis added).

The FMLA states that it is "unlawful for any employer to *interfere with . . . the attempt to exercise* [] *any right provided under this subchapter*." 29 U.S.C. § 2615 (a) (1) (emphasis added). The FMLA's remedial scheme allows employees who were discharged for attempting to exercise their FMLA rights to sue the employer. *Perez*, 298 F. Supp. 2d at 1111. An employee may seek recovery of (1) compensatory damages, (2) liquidated damages, (3) prejudgment damages, (4) reasonable attorney's fee, and (5) appropriate equitable relief. *Id*. "[A] claim brought exclusively under the FMLA would entitle [a] [p]laintiff, if successful, to the same compensation for lost wages/back pay and equitable relief including reinstatement to which [he] would be entitled on a claim for wrongful discharge under Colorado law." *Id*.

In *Perez*, the plaintiff alleged two claims related to exercising FMLA rights. *Id*. The first claim was brought under the FMLA, and the second was brought as a Colorado wrongful discharge

6

claim. *Id*. The plaintiff's second claim was based upon retaliatory discharge for exercising his FMLA rights. *Id*. The defendant in *Perez* based its request for dismissal on the grounds that the FMLA provided a remedy. *Id*. Specifically, the FMLA gives a remedy for retaliatory discharge. *Id*. The court agreed, finding that "[w]here the only wrong alleged is the violation of the FMLA, there is no basis for augmenting a remedial scheme that fully compensates an employee for its violation." *Id*. (citing *Wiles v. Medina Auto Parts*, 773 N.E.2d 526, 532 (2002)). The *Perez* court based its reasoning on the Ohio Supreme Court's decision in *Wiles v. Medina Auto Parts*. *Id*. The court in *Wiles* explained there was "no need to recognize a common-law action of wrongful discharge if there already exists a statutory remedy that adequately protects society's interests [as articulated by Congress]." *Wiles*, 773 N.E.2d at 532. "Indeed, a number of federal courts have cited the *adequacy of the statutory remedies as a reason not to extend state law and recognize a claim for wrongful discharge based on the public policy of the FMLA*." *Id*. at 532-33 (emphasis added).

For the same reasons explained in *Wiles* and *Perez*, Claim Two cannot stand. Plaintiff bases Claim Two on (1) the pursuit of Plaintiff's rights under the FMLA and (2) public policy providing a remedy for interference. ECF 1 at 3, 5. The FMLA provides a remedy for interference for employees attempting to exercise FMLA rights. 29 U.S.C.A. § 2615 (a) (1). Therefore, the FMLA adequately protects Plaintiff's interests. Plaintiff argues that because *Perez* is silent on a FMLA's interference theory, Claim Two should not be dismissed. ECF 14 at 2. While *Perez* may not directly discuss an interference theory, Plaintiff's reasoning is mistaken. *Perez*, 298 F. Supp. 2d at 1111. Again, *Perez* held that public policy claims are precluded if the remedy sought exists under the FMLA (or the relevant federal statute). *Id*. Because the FMLA furnishes a remedy for interference, Claim Two is barred.

7

**II.     No Leave to Amend**

Finding that Plaintiff has unsuccessfully pleaded his claim, the Court now turns to the issue of whether to recommend dismissal of the claim with or without prejudice. In cases involving pro se litigants, the Tenth Circuit has found that courts should dismiss with leave to amend where there is a possibility that the litigant can correct the defect in the pleading. *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). Dismissal without prejudice is preferable where the deficiencies are "likely the result of an untutored pro se litigant's ignorance of special pleading requirements." *Id*. It is notable, however, that these litigants "are not insulated from the rule that dismissal with prejudice is proper for failure to state a claim." *Fleming v. Coulter*, 573 F. App'x 765, 769 (10th Cir. 2014). This is especially true where the litigant cannot succeed on the alleged facts. *Id*.

Because Plaintiff cannot state a wrongful discharge claim as a matter of law, there is little reason to believe that Plaintiff would be successful on a future amendment. *See Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001). "We have stated that '[d]ismissal of a pro se complaint for failure to state a claim is proper only where . . . it would be futile to give him an opportunity to amend.'" *Id*. (quoting *Perkins*, *v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). Accordingly, the Court recommends Claim Two be dismissed with prejudice.

## CONCLUSION

Accordingly, the Court respectfully recommends **granting** Defendant's Motion [filed April 14, 2022; ECF 12] and dismissing Claim Two with prejudice.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States*

Respectfully submitted this 15th day of August, 2022, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

*v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)).